## ABB SUGG *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 6—50.]

**Misconduct of Party in Argument.**

Where no objection is made or exception is taken to statements made by the commonwealth's attorney in argument to the jury, at the time the statements were made, the question can not be raised for the first time in the Court of Appeals.

**Instructions.**

All the instructions given in a criminal case are to be construed together, and a defect in one may be cured by another one given.

APPEAL FROM HENDERSON CIRCUIT COURT.

· May 31, 1884.

OPINION BY JUDGE LEWIS:

The appellant, having been indicted for the crime of voluntary manslaughter committed by stabbing one Wm. McGrain, alias Robinson, and found guilty and sentenced to the penitentiary for the term of two years, has appealed to this court.

It appears from the evidence that the homicide took place in the nighttime in a room in the city of Henderson, used for gambling, which could be reached by a narrow stairway leading from Main street to a front room, thence through a door, and also by a rickety stairway about three feet wide without railing, in the rear of the building, that landed at the entrance of an ante room six by three feet, from which, by a door, communication was had with the room where the killing occurred.

Appellant, deceased and three others being seated at a table engaged in a game of cards, appellant said in a jocular way to deceased that he, appellant, monkeyed with him to pay him back for his monkeying with him, appellant, the night before that. The deceased replied, denying that he had monkeyed with him, and appellant said he did. The deceased then turned his head and looking straight at appellant said, "if you say I monkeyed with you, you are a d——d liar, and a d——d lying s—n of a b—tch." Appellant then applied the same epithet to deceased, and both, about the same time, got up from their seats and put their hands in their pockets as if to draw weapons. The deceased took his hands from his pockets and took up a chair which he motioned two or three times, as if taking aim. Appellant then said, "Come on, let yourself in if you want fun." But he had not moved towards deceased when the latter turned to take aim with the chair and threw it at appellant, touching but not hitting him fairly. Deceased was heard by one witness to say before throwing the chair he would knock appellant's brains out, or something like it. Deceased after throwing the chair moved towards appellant, when they clinched and in the struggle got into the small ante room,

one of three witnesses testifying that appellant backed into the ante room, deceased following him.

One of the witnesses testified that as they arose from their seats appellant said "draw," or that in substance, and another one stated that before deceased threw the chair appellant opened a knife behind his back and then put it back in his pocket. The deceased had no knife or other weapon besides the chair, which the witness stated was capable of inflicting death. Deceased was stabbed in the left side of his back near the small of the back, which caused his death, and had one or two other wounds.

There is some difference in the statements of the witnesses as to the time the wound in the back was received, one of them who stated he was in a good position to see the entire difficulty testifying that after the scuffling in the ante room deceased returned therefrom and appellant hit him in the back when he was a step or two inside the door, when deceased again seized a chair and followed appellant in the ante room and then fell back in the door and appellant was over him striking at him, when deceased raised his feet and gave him a kick and appellant then disappeared. This witness did not see the knife in appellant's hand when he struck deceased in the back, but afterwards saw a wound in his back at the place he saw appellant strike him. The other two witnesses testified that the stab in the back was given before appellant and deceased got into the ante room.

The errors of the court complained of relate to the alleged conduct of the commonwealth's attorney in his closing argument to the jury, and to the action of the court in giving instructions given to the jury and refusing those asked by the defendant. As no objection was made or exception taken to the argument of the attorney for the commonwealth at the time it was being made, this court can not now consider the question for the first time raised. The first objection to the instruction is that they do not present the law of self-defense. By the first instruction the jury were told in general terms that if they believed from the evidence beyond a reasonable doubt the defendant in sudden heat and passion without previous malice, and not in self-defense, did voluntarily stab and wound deceased, from which he died, they must find him guilty of manslaughter, etc.

It is true this instruction does not contain the whole law of self-

defense, and if it were the only one given there would exist ground for reversal. But all the instructions given should be considered together. So considering them, the seeming omission in the first instruction is supplied by the third, where the jury are told in terms that if they believe from the evidence the defendant at the time he fatally stabbed deceased, if they believe he did so stab him, had reasonable grounds to believe and did believe that he was then in danger of losing his life, or of suffering great bodily harm at the hands of the deceased, then the law permitted him to use such means as were necessary, or apparently necessary to him, to protect himself from impending danger, even to taking the life of the deceased. In the first instruction the jury were required before convicting to believe beyond a reasonable doubt that the deceased lost his life at the hands of the defendant, and that he did not kill him in his self-defense. In the third instruction they were told with sufficient explicitness that his exercise of the right of self-defense was to be determined by the necessity as it appeared at the time to him.

Appellant also complains that the court failed to instruct the jury in substance that if the defendant believed the deceased attacked him with intent to take his life, or inflict on him great bodily harm, he was under no obligation to retreat from his assailant. In our opinion the right of a defendant to stand and defend himself as it exists under the law is sufficiently explained and secured to him in the second instruction, which is as follows: "The court further instructs the jury that if they shall believe from the evidence beyond a reasonable doubt that the defendant at the time he stabbed deceased the fatal blow, if they believe he did so stab him, had a safe way to retreat and escape and there was not any immediate impending danger, real or apparent, to his life or great bodily harm at the hands of the deceased, then they will find the defendant guilty as charged," etc. By this instruction the duty of the defendant to retreat and escape was made to depend upon the existence of two facts, first, that there was a safe way to do so, second, that there was no immediate impending danger, real or apparent, of losing his life or suffering great bodily harm at the hands of the deceased. But the jury must have understood from the instruction, if there was no safe way to escape

41

or if the danger was immediate or impending, that appellant was not under any obligation to retreat.

The court having instructed the jury to acquit if they had a reasonable doubt from the whole evidence in the case of the defendant being proved guilty, it was not necessary to give the one asked by the defendant on that point, which differs from the one given by the omission of the words, "from the whole evidence in the case," that is really immaterial.

The fourth instruction embodies the law on the subject and there was evidence before the jury conducing to show there was a mutual combat between appellant and the deceased, and hence the instructions were not abstract or misleading.

The judgment must be *affirmed*.

C. C. Ball, Yeaman & Lockett, for appellant.

P. W. Hardin, for appellee.